IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JIM C. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-816-WKW |
| | ) | [WO] |
| DANIEL LEE HOWARD; | ) | |
| ADVANCED DRAINAGE | ) | |
| SYSTEMS, INC.; ROY HORTON; | ) | |
| LOVE'S TRAVEL STOPS & | ) | |
| COUNTRY STORES, INC.; and | ) | |
| CROWN HEALTH CARE | ) | |
| LAUNDRY SERVICES, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought tort claims and a worker's compensation claim in state court.

Defendants removed to federal court. But worker's compensation claims cannot be

removed to federal court, and there is no good reason for piecemeal litigation in both

state and federal court. Defendants Love's Travel Stops & Country Stores, Inc. and

Roy Horton seem to agree. (Docs. # 21, 22, 23.) Plaintiff's motion to remand the

entire case to state court is thus due to be granted.

## I.  BACKGROUND

This case is about an accident at a truck stop in Shorter, Alabama. In August

2017, Plaintiff Jim Moore was driving some type of "commercial vehicle" for his

employer, Defendant Crown Health Care Laundry Services, LLC. Moore needed fuel, so he pulled into the truck stop operated by Defendant Love's Travel Stops & Country Stores, Inc. A Love's employee, Defendant Roy Horton, directed Moore to an open fuel pump. But Horton was simultaneously directing Defendant Daniel Lee Howard, who was driving a truck for Defendant Advanced Drainage Systems, Inc. Moore and Horton collided, allegedly injuring Moore. (Doc. # 4-1, at 6–7.)

On September 10, 2018, Moore sued Crown, Love's, Horton, Advanced Drainage, and Howard in the Circuit Court of Macon County, Alabama. (Doc. # 4-1.) His sole claim against Crown is for worker's compensation. His claims against Love's, Horton, Advanced Drainage, and Howard are for various common-law torts, such as negligence. (Doc. # 4-1, at 8–13.)

Crown, Love's, and Advanced Drainage were served on September 13, 2018. (Doc. # 4-2, at 87–91.) The record does not show whether Horton and Howard were served. Love's and Horton filed a notice of removal on September 20, 2018. (Doc. # 4.) On October 11, 2018, Crown purported to consent to removal. (Doc. # 9.)[1] And on October 22, 2018, Advanced Drainage and Howard both consented to removal and filed their own notice of removal. (Doc. # 12.)

On October 8, 2018, Moore filed a timely motion to remand to state court.

---

[1] Crown stated its "consent to removal," but it simultaneously admitted that the only claim against it could not be removed. (Doc. # 9, at 1.)

(Doc. # 8.)  Then on February 1, 2019, Love's and Horton moved to withdraw their notice of removal and asked for this case to be remanded to state court.  (Doc. # 21.)  Moore then renewed his motion to remand.  (Docs. # 22, 23.)

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Removing a case from state to federal court is proper only if the case originally could have been brought in federal court.  28 U.S.C. § 1441(a).  If federal jurisdiction is uncertain, a case must be remanded to state court.  *Burns*, 31 F.3d at 1095.

The court lacks subject-matter jurisdiction over Moore's claim against Crown.  That is because 28 U.S.C. § 1445(c) provides that a civil action "arising under [state] workmen's compensation laws . . . may not be removed to any district court."  Moore's only claim against Crown "demands judgment . . . for all sums he is entitled to recover under the Alabama workmen's compensation statute."  (Doc. # 4-1, at 9.)  So the court must remand Moore's claim against Crown.  *See Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902, 905 (11th Cir. 2010) (per curiam); *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000).

What about Moore's tort claims against Love's, Horton, Advanced Drainage, and Howard?  Some courts would sever his worker's compensation claim and retain jurisdiction over his tort claims.  *See Lamar v. Home Depot*, 907 F. Supp. 2d 1311,

1317 (S.D. Ala. 2012); *cf. Formosa v. Lowe's Home Ctrs., Inc.*, 806 F. Supp. 2d 1181, 1192 (N.D. Ala. 2011). But that is a minority position; most courts in Alabama would remand his case in its entirety. *See, e.g.*, *Mays v. Gen. Motors LLC*, No. 17-cv-66, 2017 WL 1398471, at \*9 (N.D. Ala. Apr. 19, 2017); *Steel v. Viscofan USA, Inc.*, No. 16-cv-808, 2017 WL 253960, at \*4 (M.D. Ala. Jan. 19, 2017); *Watson v. Gen. Electric, Inc.*, No. 12-cv-2661, 2012 WL 5931884, at \*7–8 (N.D. Ala. Nov. 26, 2012); *Wingard v. Guillot Textilmaschinen GMBH*, No. 08-cv-342, 2008 WL 4368884, at \*4 (M.D. Ala. Sept. 23, 2008); *Bryant v. Wausau Underwriters Ins. Co.*, No. 06-cv-1002, 2008 WL 1808325, at \*2 (M.D. Ala. Apr. 21, 2008); *Williams v. CNH Am., LLC*, 542 F. Supp. 2d 1261, 1267 (M.D. Ala. 2008); *see also, e.g.*, *Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2012); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 197 (D. Conn. 2005).

Having considered these authorities, the court finds that this entire action is due to be remanded to state court. None of Moore's claims arises out of federal law, so the court need not retain jurisdiction over any claims. *Cf.* 28 U.S.C. § 1441(c) (requiring courts to sever federal-law claims). All of Moore's claims stem from the same accident, so federal-court litigation over his tort claims would simply duplicate state-court litigation over his worker's compensation claim. And Love's and Horton now want to litigate in state court, which makes duplicitous litigation all the less attractive.

### III. CONCLUSION

For the reasons above, it is ORDERED that:

1.      Plaintiff's Motion to Remand (Doc. # 8) is GRANTED.

2.      Defendants Horton and Love's Motion to Withdraw Notice of Removal (Doc. # 21) is GRANTED.

3.      This entire case is REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c).

4.      The Clerk of the Court is DIRECTED to close this case and to send a certified copy of this Order to the Macon County Circuit Clerk.

5.      Any pending matters not resolved by this Order are left for resolution by the Circuit Court of Macon County.

DONE this 25th day of February, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE